IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EVANGELOS PAGONIS, | § | |
| (TDCJ-CID #1626253), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-14-0065 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM ON DISMISSAL

The petitioner, Evangelos Pagonis, is presently in the custody of the Texas Department of Criminal Justice - Correctional Institutions Division. In his federal petition for a writ of habeas corpus, Pagonis states that on December 17, 2012, an immigration judge entered a removal order. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, p. 2). He explains that the order of removal is illegal because he was never advised of his right to communicate with the Greek and Canadian consulates. (Docket Entry No. 1-1, Federal Petition, p. 1).

Under section 106 of the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231 (May 11, 2005), codified at 8 U.S.C. § 1252(a), immigration habeas petitions are subject to the following jurisdictional provision:

> (5) Exclusive Means of Review — Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e) of this section.

This provision applies in all cases in which the final administrative order of removal, deportation,

or exclusion was issued before, on, or after the date of the enactment of the REAL ID Act. *See* 8 U.S.C. § 1252 note (REAL ID Act § 106(b)).

The REAL ID Act "divested district courts of jurisdiction over removal orders and designated the courts of appeals as the sole forums for such challenges via petitions for review." *Moreira v. Mukasey,* 509 F.3d 709, 712 (5th Cir. 2007) (citing 8 U.S.C. § 1252(a)(5)); *Hernandez-Castillo v. Moore*, 436 F.3d 516, 518 (5th Cir. 2006). *See Rosales v. Bureau of Immigration and Customs Enforcement*, 426 F.3d 733, 735-36 (5th Cir. 2005). Under the REAL ID Act, this court has no authority to interfere in removal proceedings. *See Andrade v. Gonzales,* 459 F.3d 538, 543 (5th Cir. 2006).

When a federal habeas corpus petition challenges an order of removal, deportation, or exclusion, Congress has provided that a district court "shall transfer the case . . . to the court of appeals for the circuit in which a petition for review could have been properly filed . . . ." 8 U.S.C. § 1252 note (REAL ID Act § 106(c)). Because this petition was filed after the enactment of the REAL ID Act of 2005, the transfer provision found in § 106 of the REAL ID Act is not applicable to this case. REAL ID Act § 106(c), Pub. L. No. 109–13, 119 Stat. at 311. *Joseph v. U.S. Immigration and Customs Enforcement*, 253 F. App'x 356, 2007 WL 3251826 (5th Cir. 2007)(citing *De Ping Wang v. Dep't of Homeland Security,* 484 F.3d 615, 616 (2nd Cir. 2007)).

Pagonis's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is dismissed for lack of jurisdiction. Pagonis's motion to proceed *in forma pauperis,* (Docket Entry No. 2), is

GRANTED.  All remaining pending motions are denied as moot.

SIGNED at Houston, Texas, on ___2-7___, 2014.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE